UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAIME BLACK,<br><br>                       Plaintiff,<br>v.<br><br>STATE OF NEVADA, ex rel. NEVADA GAMING CONTROL BOARD,<br><br>                       Defendant. | Case No. 3:24-cv-00414-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

Plaintiff Jaime Black sued Defendant State of Nevada, ex rel. Nevada Gaming Control Board regarding alleged retaliation, hostile work environment, and racial discrimination during her former employment. (ECF No. 1 ("Complaint").) Before the Court is Defendant's motion to dismiss. (ECF No. 13 ("Motion").)[1] As further explained below, the Court grants Defendant's Motion with leave to amend because Plaintiff fails to state a short and plain statement showing she is entitled to relief and does not allege sufficient facts to state a claim.

**II.   BACKGROUND**

The following facts are adapted from the Complaint. The Nevada Gaming Control Board ("Board") employed Plaintiff from 2014 to 2023. (ECF No. 1 at 2.) Plaintiff's duties included but were not limited to overseeing the Board's Human Resources Group, the Board's professional standards, and the Board's liaison with the Nevada legislature. (*Id* at 3.) Based on the Board's policies, Plaintiff believed that opposing discrimination prohibited by law to be integral to her duties. (*Id.* at 5.)

In 2021, Brittnie Watkins became a member of the Board and began supervising the Board's Administration Division where Plaintiff worked. (*Id.* at 3.) Plaintiff is a white

---

[1]Plaintiff responded (ECF No. 19) and Defendant replied (ECF No. 26).

woman and Watkins is a Black woman. (*Id.* at 1, 3.) After becoming a Board Member, Watkins extended race-based preferential treatment to Board employees and desired to hire only Black applicants. (*Id.* at 7.) Watkins made comments such as "we are not hiring from [northern Nevada]," which Plaintiff inferred to mean that Watkins wanted to hire from Las Vegas and Henderson because those areas have more Black residents than northern Nevada. (*Id.* at 7-8.) Watkins also allowed white northern Nevada residents to interview for positions with no intent to consider hiring them. (*Id.* at 8.)

Plaintiff resisted Watkin's hiring practices. (*Id.*) In retaliation, Watkins acted and made statements that caused Plaintiff to experience a racially hostile work environment. (*Id.* at 8-9.) For example, Plaintiff was removed from work duties, subjected to a lengthy investigation that was conducted in a hostile manner, and placed on administrative leave. (*Id.* at 10.) Watkins also failed to, among other things, investigate Plaintiff's complaint of race-based harassment and retaliation, restore Plaintiff to her former job duties, and integrate Plaintiff back into the workplace following her leave. (*Id.* at 10-11.) Plaintiff filed a complaint with the Nevada Equal Rights Commission in response. (*Id.* at 14.)

These events resulted in Plaintiff filing this action. She alleges seven causes of action against Defendant, generally for retaliation, hostile work environment, and racial discrimination. (*Id.* at 7-22.)

III. DISCUSSION

A. Failure to Allege Facts Demonstrating that the Court has Jurisdiction

Defendant first argues for dismissal because the Court does not have jurisdiction as Plaintiff failed to include her administrative charge as an exhibit. (ECF No. 13 at 5.) However, Title VII's charge-filing requirement is a procedural—not jurisdictional—prescription. *See Fort Bend Cty. v. Davis*, 587 U.S. 541, 543 (2019). Moreover, Plaintiff did attach her Notice of Right to Sue letter with the Complaint. (ECF No. 1-1 at 2.) The Court denies the Motion to the extent Defendant challenges the Court's jurisdiction.

///

### B. Failure to Include a Short and Plaint Statement and Failure to State a Claim

Defendant argues that Plaintiff's failure to provide a short and plain statement of her claims showing that she is entitled to relief, in conjunction with her failure to allege sufficient facts to state a claim, warrant dismissal. (ECF No. 13 at 4.) Plaintiff counters that she properly alleged adequate facts when the Complaint is read in totality. (ECF No. 19 at 23-24.) The Court agrees with Defendant.

To survive a motion to dismiss for "failure to state a claim upon which relief can be granted," a complaint must provide "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. FED. R. CIV. P. 12(b)(6), 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court then assess whether the Complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim for relief is plausible when it contains either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted).

Defendant generally argues that Plaintiff fails to state a short and plain statement showing she is entitled to relief and fails to state a claim to the extent that she sues for retaliation, hostile work environment, and racial discrimination. The Court will address each point in turn.

    a. **Short and Plain Statement**

Plaintiff fails to provide a short and plain statement showing she is entitled to relief. A complaint must be "simple, concise, and direct" so that a defendant may understand what they are being sued for, but here the Complaint is verbose[2] and ambiguous. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Hatch v. Reliance Ins.*

---

[2] For example, on page 13, paragraph 28 of the Complaint, Plaintiff writes almost an entire paragraph in one sentence. (ECF No. 1 at 13.) While much is alleged in this paragraph, little is said; the language is ultimately vague and conclusory which does not let Defendant clearly understand Plaintiff's reason for suing.

*Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal where a complaint was confusing and conclusory); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that a "verbose, confusing and almost entirely conclusory" complaint violates Rule 8). Plaintiff appears to sue for retaliation, hostile work environment, and racial discrimination, but these claims are split over seven unclear causes of action. (ECF No. 1 at 7-22.) For example, as Defendant notes, Plaintiff's first cause of action for "Hostile Work Environment Resulting from Retaliatory Hostility and/or Racial Hostility and Acts of Retaliation" is largely unintelligible: "Is it a claim for retaliation based on an alleged hostile work environment or is it a hostile work environment claim allegedly caused by racial hostility?" (ECR No. 13 at 4.) Plaintiff accordingly has not met the Rule 8 standard of providing a short and plain statement.

### b.  Failure to State a Claim

#### 1.  Retaliation

Defendant then argues that Plaintiff does not allege sufficient facts that she engaged in a Title VII protected activity for the purpose of her retaliation claims. (*Id.* at 6-8.) To establish a prima facie case of Title VII retaliation, a plaintiff must adequately allege that: "(1) she engaged in an activity protected under Title VII; (2) her employer subjected her to adverse employment action; [and] (3) there was a causal link between the protected activity and the employer's action." *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (citation omitted). A plaintiff engages in a protected activity when they oppose a practice made unlawful by Title VII or participates in any manner of investigation, proceeding, or hearing under Title VII. *See* 42 U.S.C. § 2000e-3(a).

While Plaintiff alleges that she participated in a protected activity because she opposed Watkin's alleged racial discrimination, these statements are largely conclusory as she does not allege specific facts about resistance. *See Iqbal*, 556 U.S. at 678 (requiring more than a legal conclusion couched as a factual allegation). For example, Plaintiff states that she resisted Watkin's attempt to abandon the Board's race-neutral hiring policies but does not allege any facts regarding how she opposed them: "Plaintiff

resisted Ms. Watkins' attempt to cause her and the Board to abandon the Board's policies regarding hiring . . . ."³ (*See* ECF No. 1 at 8.) Without alleging adequate facts that she participated in a protected activity, Plaintiff cannot sufficiently state a claim that Defendant retaliated against her.⁴

### 2. Hostile Work Environment

Defendant also argues Plaintiff does not adequately state a claim of retaliation based on a hostile work environment. (ECF No. 13 at 8-11.) A hostile work environment exists where (1) the plaintiff was subjected to verbal or physical conduct of a harassing nature, (2) this conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000) (citation omitted). Plaintiff lists 17 actions that she alleges were retaliatory in the Complaint, but she again does not state facts beyond conclusory allegations. (ECF No. 1 at 10-12.) For example, she says that an investigation was conducted in a "hostile and unfair manner," but does not explain how so beyond that she did not receive adequate notice of the allegations and the investigation lasted more than five months. (*Id.* at 10, 11, 16, 17, 19, 20.) These facts alone do not allege harassing conduct stemming from alleged retaliation, or a severe or pervasive environment that altered the conditions of her employment, and therefore do not state a claim.

///

---

³Plaintiff clarifies in her response that she resisted by "attempt[ing] to effect delays, participat[ing] in meetings, and otherwise attempt[ing] to frustrate race-based hiring decisions." (ECF No. 19 at 6.) However, a plaintiff cannot defend against a motion to dismiss by relying on allegations absent from the complaint. *See, e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000) (preventing a plaintiff from using a new theory not pled in the complaint). Moreover, these allegations are again too vague to state a claim as it is unclear how undefined delays and meeting participation resisted race-based hiring decisions to amount to protected activity under Title VII.

⁴Plaintiff mentions that she had a "complaint" that she shared with Watkins—which, depending on the situation, could be a protected activity—but does not provide any further context. (ECF No. 1 at 10, 17, 21.) At one point, she mentions a complaint about "race-based harassment," but it is unclear if this is the same complaint and alleges no other facts. (*Id.* at 17.)

### 3. Racial Discrimination

Defendant finally argues that Plaintiff fails to state a claim based on a racially hostile work environment. Similar to a hostile work environment claim, "[t]o prevail on a hostile workplace claim premised on [race], a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial [] nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (citation omitted). Rude comments and teasing do not arise to the level of a hostile work environment. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Again, Plaintiff only states conclusory allegations that Watkins "took actions and made statements" that created a "racially hostile work environment." (ECF No. 1 at 8-9.) She fails to allege specific verbal or physical conduct of a racial nature, or how the conduct altered the conditions of her employment. The only relevant factual allegations are Watkins saying that the Board would not hire from northern Nevada and the alleged sham interviews of white northern Nevada residents, but again these facts alone are not sufficient to allow the Court to find a plausible claim that the comments were directed at Plaintiff and that they are severe or pervasive to alter the conditions of Plaintiff's employment. (*Id.* at 7-8.)

In sum, Defendant's Motion is granted because Plaintiff fails to state a short and plain statement showing she is entitled to relief and fails to allege sufficient facts to state a claim.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

1     It is therefore ordered that Defendant's motion to dismiss (ECF No. 13) is granted
2 with leave to amend because the Court cannot find that amendment is futile. Plaintiff must
3 file her amended complaint curing the deficiencies identified herein within 15 days of the
4 date of this order—that is, by April 11, 2025. Failure to do so will result in dismissal of this
5 action with prejudice.

6     DATED THIS 27th Day of March 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE