AARON D. FORD
  Attorney General
SABRENA K. CLINTON (Bar No. 6499)
  Senior Deputy Attorney General
KYLE J. HOYT (Bar No. 14886)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3773 (fax)
sclinton@ag.nv.gov
khoyt@ag.nv.gov

*Attorneys for Defendant,*
*State of Nevada ex rel.*
*Nevada Gaming Control Board*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAIME BLACK,<br><br>         Plaintiff,<br><br>    vs.<br><br>STATE OF NEVADA, ex rel. NEVADA GAMING CONTROL BOARD<br><br>         Defendant(s). | Case No.  3:24-CV-00414-MMD-CSD<br><br>**ORDER GRANTING DEFENDANT'S UPOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>**(First Request)** |

MEMORANDUM OF POINTS AND AUTHORITIES

I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff Jamie Black ("Plaintiff" or "Ms. Black") filed her First Amended Complaint on April 10, 2025. Therein, she made multiple new factual allegations and changes to her previously asserted causes of action. Defendant's response to the First Amended Complaint is currently due Thursday, April 24, 2025. Undersigned counsel has been diligently working with past and current members of Defendant Nevada Gaming Control Board to investigate these allegations. Additionally, in the two weeks that has passed since the First Amended Complaint, undersigned counsel has been responsible for attending seven (7) previously

scheduled depositions in Reno and Las Vegas in two separate matters, which also included preparation of three deponents, along with responsibilities in other matters. Defendants do not seek any unmeritorious delay or do so in bad faith.

Earlier today, undersigned counsel for Defendant contacted counsel for Plaintiff, who graciously agreed to enter a stipulation for up to ten (10) additional days in which Defendant could respond to the First Amended Complaint. Defendant's counsel sent a proposed stipulation for a six (6) day extension, however Plaintiff's counsel was unavailable to review the stipulation and provide authorization for his signature. Defendant's counsel believes that the instant motion is not opposed based upon those communications.

## II. ARGUMENT

FED. R. CIV. P. 6(b) provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> (2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d) and (e), and 60(b), except as those rules allow.

LR 6-1 provides:

> (a) Every motion requesting a continuance, extension of time, or order shortening time shall be "Filed" by the clerk and processed as an expedited matter. . . .
>
> (b) Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested. . . .Immediately below the title of such motion or stipulation there shall be included a statement indicating whether it is the first, second, third, etc., requested extension. . . .
>
> (c) The court may set aside any extension obtained in contravention of this rule.

///

>(d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

Rule 6(b)(1) allows for a party to move for an enlargement of time, the determination of which lies with the presiding court. "The Court has inherent power and discretion to control its docket, and the proceedings within the cases on its docket." *Ford v. County of Missoula, Mont.*, 2010 WL 2674036, 1 (D. Mont., 2010) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936); *See also* FED. R. CIV.P. 6(b) (advisory committee note, 1946) ("Rule 6(b) is a rule of general application giving wide discretion to the court to enlarge these time limits or revive them after they have expired . . .").

Here, good cause exists for an additional six (6) days in order for Defendant to complete its response to the First Amended Complaint as well as to provide some time for client review and approval. As stated above, Plaintiff's First Amended Complaint has differences in her causes of action as well as additional factual allegations which required investigation. At the same time, undersigned counsel was tasked with other matters which included seven (7) depositions in two separate cases in Reno and Las Vegas, and also was required to prepare three of the deponents for their testimony, in addition to other case responsibilities. Moreover, the Complex Litigation is currently understaffed as a Senior Deputy Attorney General is currently on extended leave. Undersigned counsel has worked diligently in responding to the First Amended Complaint, however it could not be completed on time. Thus, Defendant seeks a short extension and not for the purposes of delay and does so in good faith. Defendant has no reason to believe that any additional time will be necessary beyond what is sought in the instant Motion. Finally, Plaintiff appears to have no opposition to the extension and will not be prejudiced by the requested extension.

/ / /

/ / /

/ / /

## III. CONCLUSION

Based upon the foregoing, the Defendants request a six-day extension of time to respond to Plaintiff's First Amended Complaint, to Wednesday, April 30, 2025.

DATED this 24th day of April, 2024.

AARON D. FORD
Attorney General

By: /s/ *Kyle Hoyt*
    KYLE J. HOYT (Bar No. 14886)
     Senior Deputy Attorney General
    Sabrena K. Clinton (Bar No. 6499)
     Senior Deputy Attorney General

*Attorneys for Defendant,*
*State of Nevada ex rel.*
*Nevada Gaming Control Board*

**ORDER**

IT IS SO ORDERED.
Dated: April 25, 2025.

_____
UNITED STATES MAGISTRATE JUDGE