UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAIME BLACK, | Case No. 3:24-cv-00414-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, ex rel. NEVADA GAMING CONTROL BOARD, | |
| Defendant. | |

**I.    SUMMARY**

The Court previously granted Defendant State of Nevada, ex rel. Nevada Gaming Control Board's motion to dismiss Plaintiff Jaime Black's complaint with leave to amend to cure the deficiencies identified in the Court's order. (ECF No. 27 ("Dismissal Order").) Plaintiff filed a First Amended Complaint. (ECF No. 30 ("FAC").) Before the Court is Defendant's motion to dismiss the FAC. (ECF No. 33 ("Motion").)[1] For the reasons explained below, the Court will grant the Motion.

**II.    BACKGROUND**

The following facts are adapted from the FAC. Plaintiff asserts claims that arise out of her employment with the Nevada Gaming Control Board ("Board"). Plaintiff started working for Defendant in 2014 and worked as a lawyer for the Board "until approximately two years ago."[2] (ECF No. 30 at 2-3.) Plaintiff's claims stem from her relationship and

---

[1]Plaintiff responded (ECF No. 38) and Defendant replied (ECF No. 40). The Court grants the stipulation for extension of time for Defendant to file their reply (ECF No. 39) *nunc pro tunc*.

[2]The FAC does not provide clarity as to Plaintiff's employment status with Defendant. Plaintiff's reference to being employed "with the State" for 11 years starting in 2014 would suggest, based on a simple addition, that her employment with the Board ended in 2025. (ECF No. 30 at 2.) She also alleges that she worked for the Board until about "two years ago" (*id.*), suggesting her employment with the Board ended in 2023. But other allegations in the FAC suggest Plaintiff's employment has not terminated.

conflicts with Board Member Brittnie Walkins. Plaintiff is a White woman; Board Member Watkins is "considered a woman of African-American descent." (*Id.* at 2, 3.)

In April 2021, Brittnie Walkins was appointed to the Board and collectively as a member of the Board "and sometimes individually," "oversee discharge of various Board duties, and exercise either formal or de facto supervisory authority over various lower ranking employees who work for the Board, including Plaintiff." (*Id.* at 3.) In December 2021, Board Member Watkins, was assigned the duty of supervising "the Board's Administration, wherein plaintiff worked as Chief." (*Id.*) At the time, Plaintiff's duties included "significant involvement and responsibility for overseeing the Board's Human Resources Group (including hiring decisions)," and supervision and oversight over other administrative functions. (*Id.*) Board Member Watkins allegedly interfered with Plaintiff's performance of these responsibilities, particularly as to hiring and other personnel decisions which led Plaintiff to oppose what she perceived to be Watkins' "race-based, discriminatory hiring decisions, and other employment decisions." (*Id.* at 9-12.) In March 2022, Chairman of the Board Brin Gibson "acknowledged plaintiff's efforts at opposition to Board Member Watkins race-based agenda and agreed to remove Board Member Watkins from the role of oversight of the Administrative Division." (*Id.* at 8.) However, in September 2022, Board Member Watkins "assumed a leadership role as Chair" of the Board and "resumed control over Administrative Division." (*Id.*) On January 25, 2023, Plaintiff was placed on administrative leave after she opposed "what she perceived in good faith as the pursuit of a discriminatory race-based agenda and related decisions and actions by Board Member Watkins." (*Id.* at 12.)

The FAC alleges one claim for hostile work environment and three claims for retaliation all in violation of Title VII of the Civil Rights Act of 1964. (*Id.* at 14-18.) The three retaliation claims are based on different alleged adverse employment actions allegedly taken because Plaintiff opposed racial discrimination. (*Id.* at 16-18.)

---

Plaintiff's allegations in support of her fourth claim for retaliation assert "wrongful/constructive transfer." (*Id.* at 18.) Plaintiff also alleges she was placed on administrative leave on January 25, 2023. (*Id.* at 12.)

**III.   DISCUSSION**

Defendant seeks dismissal of the three retaliation claims, contending Plaintiff fails to state two elements of her prima facie case, and dismissal of the hostile work environment claim also for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 33); *see* Fed. R. Civ. P. 8; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to withstand a Rule 12(b)(6) challenge, a plaintiff must allege facts to "nudge[] their claims across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that a district court must accept as true all well-pled factual allegations in a complaint, while legal conclusions are not entitled to the assumption of truth). The Court will address each claim in turn.

**A.   Retaliation Claims**

Defendant argues Plaintiff fails to plead sufficient facts to establish two elements of her prima facie case of retaliation under Title VII. To establish a prima facie case of Title VII retaliation, a plaintiff must adequately allege that: "(1) she engaged in an activity protected under Title VII; (2) her employer subjected her to adverse employment action; [and] (3) there was a causal link between the protected activity and the employer's action." *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (citation omitted). A plaintiff engages in a protected activity when they oppose a practice made unlawful by Title VII or participate in any manner of investigation, proceeding, or hearing under Title VII. *See* 42 U.S.C. § 2000e-3(a). As Defendant points out, and Plaintiff does not dispute, Plaintiff's protected activity relies on the opposition clause. (ECF No. 33 at 5.)

Defendant argues that the FAC's allegations as to the first element—Plaintiff's opposition to race-based employment decisions—are conclusory. (*Id.* at 5-9.) Plaintiff counters with references and importation of various paragraphs from the FAC to assert how Plaintiff has sufficiently alleged opposition to Board Member Watkins' "impermissible race-based, discriminatory decisions." (ECF No. 38 at 2-9.) The Court agrees with Defendant.

3

Plaintiff alleges that she "opposed what she, in good faith, perceived to be Board Member Watkins' race-based, discriminatory decisions, and other employment decisions." (ECF No. 30 at 7.) While not clearly alleged, Plaintiff appears to claim that Board Member Watkins pushed a "discriminatory racial agenda, i.e., to favor minority personnel, and in particular, persons of African-American descent."[3] (*Id.* at 8.) As with the initial complaint, the FAC's allegations as to Plaintiff's opposition to Watkins' are largely conclusory as she does not allege specific facts about her resistance. *See Iqbal*, 556 U.S. at 678 (requiring more than a legal conclusion couched as a factual allegation). In her response to the Motion, Plaintiff quotes extensively from the FAC. (ECF No. 38 at 3-9 (citing ECF No. 30 at ¶¶ 19-21, 29-34).) But the paragraphs Plaintiff references contain opaque and conclusory allegations about how Plaintiff "opposed" and "objected" to Board Member Watkins' "personnel decisions sounding in impermissible racial bias" by taking certain actions to affect employment decisions, including: asserting control over the hiring decisions or delaying and obstructing the recruitment process (ECF No. 30 at ¶¶ 19, 26); asking for assistance in 2021 and 2022 from then Board Chair Gibson and Board Member Katsaros citing her "perception" that Board Member Watkins would "undermine plaintiff's authority over hiring decisions within the Administrative Division" (*Id.* at ¶ 21); in May 2022, opposing "what she perceived as Ms. Watkins' attempt to effectuate a discriminatory, race-based agenda involved recruitment/hiring for the Professional Standards Officer position" and getting Chair Gibson to allow the candidate Plaintiff had identified to be selected (*Id.* at ¶ 25);[4] in November 2022, objecting to a revision of a "reorganization plan, orchestrated by Ms. Watkins," that affected the promotion of a white

---

[3]Plaintiff alleges that she "understood achieving a diverse work force was one of the goals which attended the Board's hiring process." (ECF No. 30 at 4.)

[4]Plaintiff offers no allegations as to the candidate's race or how the recruitment for this position showed a discriminatory animus, let alone that she opposed the decision because she believed it was unlawful. (ECF No. 30 at 9.)

employee while affirming the promotion of a black employee (*Id.* at ¶ 27);[5] in November 2022, by objecting to the reorganization of the Administrative Division, "which plaintiff in good faith perceived was being effected so as to facilitate Ms. Watkin's attempts to further discriminatory, race-based personnel decision" (*Id.* at ¶ 28);[6] as to the hiring of the Deputy Chief position, by "object[ing] based on her perception Board Member Watkins was actively undermining her authority" (*Id.* at ¶ 31); and by alluding to exclusion of "qualified candidates from northern Nevada" (*Id.* at ¶ 34). In sum, the allegations as to Plaintiff's opposition to alleged discriminatory practice are conclusory and are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678-79. Even where Plaintiff offers specific allegations, the Court cannot reasonably infer the reason Plaintiff offered for her opposition was racially related or motivated to show opposition to an unlawful practice.

Defendant argues Plaintiff fails to allege the third element to state a prima facie case for Title VII retaliation because of the lack of any timeline prevents the Court from inferring causation. (ECF No. 33 at 9-14.) Plaintiff responds that she is not required to plead "exact dates, or a comprehensive timeline" to meet Rule 8's notice pleading standard and that the temporal connection may be drawn from her allegations. (ECF No. 38 at 10-14.) While "exact dates" need not be pled, the lack of any discernable timeline in the FAC, given the length of time that Plaintiff appears to cover, presumably from the time Board Member Watkins was appointed to the Board in April 2021 to when the alleged adverse employment actions occurred, is too expansive for the Court to plausibly infer

---

[5]Even if the reorganization plan was revised to directly affect the promotion of two employees of different races as alleged in this paragraph, Plaintiff does not allege how the decision was made based on race or that she opposed the reorganization plan because it made based on race. (ECF No. 35 at 9.) Indeed, she does not offer any allegations to allow for any inferences to be drawn as to whether these two employees were similarly situated (i.e., the positions they occupied, their qualifications) and were treated differently because of their race or that she opposed the decision because of the disparate treatment of these two employees based on race.

[6]As support for this conclusory allegation, Plaintiff asserts that the "reorganization deprived plaintiff of authority regarding Human Resources and Training matters and substituted in plaintiff's stead a person allied with Ms. Watkins." (ECF No. 35 at 10.) But accepting this allegation as true, Plaintiff objected to the reorganization because of the effect on her authority over "Human Resources and Training," not because she believed the reorganization was unlawfully discriminatory.

any temporal connection. Indeed, the FAC does not allege when some of the alleged adverse actions that she relied on to support her claims occurred, including the reduction in Plaintiff's responsibilities and authorities (ECF No. 30 at 16), "an investigation against plaintiff"[7] (*Id.* at 17) or Plaintiff's constructive transfer (*Id.* at 17-18). Accordingly, the Court finds that Plaintiff fails to sufficiently allege the third element of her prima facie case of retaliation.

In sum, the Court agrees with Defendant that Plaintiff fails to state sufficient facts as to two elements of retaliation to state a claim for relief. The Court will grant the Motion to dismiss the three retaliation claims.

### B.    Hostile Work Environment Claim

A hostile work environment requires a showing that (1) the plaintiff was subjected to verbal or physical conduct of a harassing nature, (2) this conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000) (citation omitted). Plaintiff's hostile work environment claim appears to be based on "retaliatory hostility arising in response to her opposition to what she reasonably and in good faith believed to be a course of race-based discrimination engaged in by Board Member Watkins."[8] (ECF No. 30 at 14.) Defendant argues that this claim, like any other hostile work environment claim, still requires Plaintiff

---

[7]Plaintiff alleges she was placed on administrative leave on January 25, 2023 so presumably the "investigation" occurred during this period of time. (ECF No 30 at 12.) She also alleges in another paragraph that she was placed on "a period of administrative leave in excess of five months." (*Id.* at 13, 15.)

[8]The Court assumes this claim alleges a hostile work environment based on "retaliatory hostility" even though the allegations in support of this claim also makes references to "racial discrimination" and "retaliatory animus." (ECF No. 33 at 14.) Indeed, as Defendant argues, the FAC, particularly for this claim, suffers from the same deficiencies as the initial complaint in failing to state a "short and plain statement of the claim showing that the pleader is entitled to relief" in compliance with Rule 8. (*Id.* at 4-5.) In response to the Motion, Plaintiff alleges that "she endured a racially hostile work environment" (ECF No. 38 at 21.) But she does not allege a hostile work environment based on her race so the Court does not construe the first claim for relief to state such a claim. In her response, Plaintiff also asserts that she "had not contended acts of retaliation constitute a hostile work environment." (*Id.* at 23.)

to state sufficient facts to support the three elements of a hostile work environment claim. (ECF No. 33 at 11.) Plaintiff's response does not directly address these elements but instead argues that the Court must consider "all the circumstances" in determining whether the environment was hostile (ECF No. 38 at 5 (citing *Harris v. Forklift Systems, Inc.,* 510 U.S. 17 (1993), 19 *(citing Nichols v. Azteca Rest. Enter*., 256 F.3d 864 (9th Cir. 2001).)

Defendant argues that Plaintiff fails to allege facts to show Plaintiff was subject to verbal or physical conduct of a harassing nature. (ECF No. 33 at 11-12.) The Court agrees. The FAC alleges numerous adverse actions were taken because of "retaliatory hostility" (ECF No. 30 at 4-5) but those alleged actions do not go to the first element. They do not relate to any alleged conduct that Board Watkins directed at Plaintiff to harass or to show "retaliatory hostility." Plaintiff's response points to Paragraph 35 of the FAC. (ECF No. 38 at 15.) Paragraph 35 alleges:

> Board Member Watkins openly and frequently advocated in the presence of managers and supervisory employees of the State for placing unacceptable importance and/or emphasis on race as a criteria for hiring decision and other important personnel decisions."

(ECF No. 30 at 12.) Setting aside the conclusory allegations about what Board Member Watkins purportedly "advocated" for, these allegations at best show she made these statements to all employees, and did not direct them at Plaintiff because of "retaliatory hostility."

In sum, the Court agrees with Defendant that the FAC fails to state a claim. Because Plaintiff was given leave to amend and still failed to cure the deficiencies the Court identified in the Dismissal Order, the Court dismisses the claims in the FAC with prejudice.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 33) is granted. The claims in the FAC are dismissed with prejudice.

It is further ordered that the stipulation for extension of time (ECF No. 39) is granted *nunc pro tunc*.

The Clerk of Court is kindly directed to enter judgment in accordance with this order and close this case.

DATED THIS 11th Day of February 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

8